WILLIAM CUMMINGS, Appellant, *v.* THE STATE OF KANSAS, Appellee.

*Criminal Appeal from Shawnee County.*

The law allows no appeal in a criminal case until its final determination
*So held*, where defendant, in a joint indictment, had been used by the State
as a witness against his co-defendant, had testified fully, and where de-
fendant was convicted, and a motion made for the discharge of the
defendant testifying, which was overruled by the court below.

An accomplice so used by the State, as a witness, is not entitled to his
discharge as a matter of right; he must abide by the discretion of the
court and prosecuting attorney.

The following is the agreed statement of the facts :

William Cummings and William Reed were jointly charged, by information in the district court in and for Shawnee county, after due preliminary examination, of murder in the first degree, of one Rufus H. Waterman; which information was filed in said court on the 28th day of May, 1867, of the May term of said court. On the 4th day of June, A. D. 1867, at the same term of

15

said court, said Reed and Cummings were duly arraigned on said information, and plead not guilty.

Afterwards, at said term of court, to wit, on the 16th day of July, 1867, the cause was called by the State, for trial, when, on motion of said Cummings's attorneys, to wit, Judge Thacher and John Guthrie, a severance was granted by said court.

Afterwards, on the 17th day of July, 1867, on motion of T. Ryan, county attorney for Shawnee county, a *nolle prosequi* was entered of said Cummings. The county attorney's object in so moving for leave to enter said *nolle prosequi*, was to enable him to call said Cummings as a witness on the part of the State, against said Reed; which fact, moreover, was not disclosed to said court. When the *nolle prosequi* was entered, as herein stated, the court informed counsel for State that it would not be responsible for the consequences; whereupon such counsel informed the court that they were willing to take that responsibility.

Afterwards, to wit, on the 17th day of July, 1867, said county attorney asked and obtained leave of said court to file a new information against said Cummings, charging him alone with the murder in the first degree of said Waterman; and said information was duly filed on that day.

Afterwards, to wit, on the 18th day of July, A. D. 1867, at said term of said court, said Reed was put upon his trial.

Afterwards, in said trial of said Reed, the State called said Cummings as a witness. Said court thereupon informed said Cummings fully of all his legal rights, and admonished him that he must not hope for any benefit or reward whatever, by reason of any testimony he might give in the case. Thereupon the witness vol-

untarily testified fully and truthfully with respect to the homicide, and that he had not been promised any benefit or reward whatever, for testifying in said cause, but that Mr. Guthrie, one of his attorneys, had told him it might be easier with him, if he would testify truly.

Before said Cummings was discharged from the said joint information, by reason of the *nolle prosequi* aforesaid, it was agreed by counsel for the State, and the counsel for said Cummings, that if said Cummings would testify truly on the trial of said Reed, said counsel for the State would accept from said Cummings a plea of guilty of manslaughter in the first degree, and that they would ask for nothing more ; that this agreement between said counsel was not communicated to Cummings at any time prior to the conclusion of his said testimony ; that said Cummings's testimony on the trial of said Reed was material and valuable to the State ; that said Reed was principal, and the planner of the homicide aforesaid, being a man theretofore of good standing in Shawnee county, an old resident, a reputed member of the church, and aged about forty years ; that said Cummings was in his employ at the time of the said homicide, and was led into it by the solicitation of the said Reed ; that said Cummings was a lad about 19 years of age ; that said Reed was found guilty of murder in the second degree.

The foregoing facts are submitted to the court on the hearing of the motion of defendant, William Cummings, that said court discharge him from the information now pending against him in the district court of Shawnee county, Kansas.

THOS. RYAN, Co. Attorney.

THACHER AND GUTHRIE, for Cummings.

Which said motion, after argument of counsel, was overruled by the court, and the court refused to discharge the defendant; to which said ruling of the court the defendant then and there objected and excepted.

*Thacher & Banks*, and *John Guthrie*, for appellant.

*Tom. Ryan, County Attorney*, for the State.

*Thacher & Banks* submitted the following :

1. "Approvement" is an ancient practice in the courts. By it the accused confessed his crime, with all other felonies of which he had been guilty, and "appealed" against others, *i. e.*, disclosed who else were guilty of the same offenses. He was thereupon used as a witness against those who had the right to meet him in battle, or be tried by a jury, as they chose. If the appealor convicted them, either by verdict of the jury, or overcame them in battle, he could not be prosecuted. (4 *Blckst. Com.*, 331 [*marg.*].) This exemption from prosecution extended to the offenses with which he was charged. (*Rex* v. *Lee, R. & R. C. C.*, 361 ; 4 *Blckst.*, 331, [*marg.*] *note* 13.) If the discovery, upon the whole, was fair and ample, the witness ought not to be prosecuted, even should he by accident omit any one offense. (1 *Bac. Abr.*, 302; *Cowp.*, 339.) No case can be found where an "approver," having testified fairly, has been put upon trial. By the old rule, a successful "approver" was by the king *ex merita justitia* pardoned, and his wages paid from the day of approval to conviction. 7 *Bac. Abr.*, 409 (*pardon*). The pardon came as matter of form and of right.

This subject is discussed in U. S. *v.* Lee (4 *McLean*, 103). The syllabus of that case was prepared by Judge McLEAN himself, and shows how that eminent jurist considered the law. · See, also, People *v.* Whipple (9 *Cow.*, 717), where Judge DUER holds that even after conviction and before sentence, if a prisoner should be used as a witness, he should feel bound to suspend sentence and recommend pardon. . This relief has never been refused ; it comes as a matter of policy, justice and right. Were there no statutory regulations in the case at bar, a court, governed by high and correct sentiments, would forbid the prosecution from further proceedings, and recommend pardon. In this state, pardon can only come after conviction. Under these circumstances, the court should discharge the· prisoner. The law, in the language of Judges McLEAN and DUER, makes the promise of exemption. It grows out of the necessities of justice. It is fundamental to human jurisprudence that it proceeds in fixed methods, and the release of the testifying accomplice is a rule as firmly established as the common law itself.

The case at bar—that of a mere boy led by a man of years, a prominent member of the church, to assist in committing crime—assists the law to reach the guilty party—the principal ; gives evidence fairly, truthfully, amply, accomplishing the ends of justice in the conviction of the principal offender—is a case of no ordinary merit.

But to make the boy a witness, a *nolle prosequi* was entered against him. This was, and could be done only by order of the court. (*Crim. Code*, § 205.) Hence the court must have known the reason of the *nolle ;* it was sufficient ; the State was apprised of it.

The power of both over the defendant was then exhausted. §208, *Crim. Code.*

Everything must be construed in favor of life and liberty. *People* v. *Cancemi,* 16 *N. Y.,* 504.

No half-way agreements, as that a plea of manslaughter should be entered, would avail the State. Counsel could not make it. (18 *N. Y.,* 128.) It would be a forensic barter unknown to the law, and amounts to a bribe.

*Ryan,* for defendant in error, submitted:

. If defendant's discharge is a matter of right, then the State cannot avail itself of the testimony of accomplices, except it accepts of the evidence of such witnesses as an atonement for the offense charged against them. In such cases, witness is admonished that he may not criminate himself, and must not hope for reward. If the theory of defendant is true, this shield of the law is idle, nonsensical. This shield is founded on the principle that unless the evidence is given voluntarily, it could not be given in evidence against the person testifying. To maintain that in case he testify, his right to a discharge is absolute, destroys this ancient principle of criminal jurisprudence, and is a barrier to the ends of public justice. In fact, defendant was not jointly informed against with Reed, when the latter was put upon his trial. The State had a right to elect to try them separately. Had defendant been discharged, under §208, criminal code, he could not have refused to testify, as in this case he could. So the court rightfully admonished him.

The record does not disclose that defendant was discharged *that he might testify;* so §208 does not figure.

The case (4 *McLean*, 103) is where an absolute promise of immunity had been made. That is not this case. The case (9 *Cow.*, 707) stands solitary in the length to which it goes, establishes no doctrine.

The pardoning power in this state cannot be exercised until after conviction. Hence there is no relief except in the discretion of the court below.

There is no barter in the case. Defendant may still freely plead "not guilty." The charging, in the second information, of only manslaughter, was a gratuitous relinquishment on the part of the state. There is no error in the proceedings of the lower court.

*By the Court*, KINGMAN, C. J.

This cause must be dismissed. The law allows no appeal in a criminal case, until its final determination. The court below refused to discharge the appellant, on motion. He still continues liable to further proceedings in the case, and, till a final determination, we have no jurisdiction. It would be a bad precedent for us to establish, to exercise illegal authority over a case, even at the request of both parties, as in this case.

We are clearly of opinion that the appellant was not entitled to his discharge, as a matter of right. He must abide by the discretion of the court and prosecuting attorney in the case. These are the views of the law we now entertain, after carefully examining the very full briefs of the counsel, and such authorities as are in our reach. We do not so decide, but at the request of counsel for both sides, express only our present views.

All the justices concurring.