# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1876.

PRESENT:

Hon. SAMUEL A. KINGMAN, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. DAVID J. BREWER,

---

## The State of Kansas v. N. B. Freeland.

Appeals, *in Criminal Actions; When to be Taken.* In a criminal action an appeal cannot be taken by the defendant from the district court to the supreme court until after a judgment has been rendered in the case; therefore, an appeal will not lie from an order of the district court, which overrules a motion to quash an information, or which sustains a motion for a continuance, while the action is still pending in the district court.

*Appeal from Pawnee District Court.*

Information for forgery. The questions raised in this case are fully stated in the subjoined opinion. The rulings appealed from were made by the district court at the December Term 1875.

*Nelson Adams, J. P. Worrell,* and *R. H. Ballinger,* for the appellant.

*J. M. Van Winkle,* and *A. M. F. Randolph,* for The State.

The opinion of the court was delivered by

Valentine, J.: This was a criminal action for forgery. The defendant moved the court below to quash the informa-

2—16 kas.

tion, which motion the court overruled, and the defendant excepted. The state then, by the county-attorney, moved the court to continue the case until the next term thereof, which motion the court sustained, and the defendant again excepted. The defendant then appealed the case to this court.

The first question arising in the case is, whether a defendant in a criminal action can appeal from the district court to the supreme court on the overruling of a motion of the defendant to quash the information, or on the sustaining of a motion of the state for a continuance of the case till the next term, while the case is still pending in the district court, undisposed of. We do not think that an appeal will lie in such a case. The only section of the statutes authorizing a defendant in a criminal action to appeal reads as follows:

"SEC. 281. An appeal to the supreme court may be taken by the defendant, as a matter of right, from any judgment against him; and, upon the appeal, any decision of the court, or intermediate order, made in the progress of the case, may be reviewed." (Gen. Stat., 865.)

Section 283 of the same act (criminal code) provides for the state taking an appeal in certain cases. Section 282 of the same act, and of the same article, provides as follows:

"SEC. 282. An appeal from a judgment in a criminal action may be taken in the manner and in the cases prescribed in this article."

That article is article 14 of the code of criminal procedure. The provisions of the code of civil procedure for taking cases from the district court to the supreme court are not in their nature applicable to criminal cases. Among other reasons, criminal cases can be taken from the district court to the supreme court only by appeal, while civil cases can be taken from the district court to the supreme court only on petition in error. And there is no statutory provision which in terms makes the provisions relative to proceedings in error in civil cases applicable to appeals in criminal cases, or *vice versa*. Besides, there can be no such motion as a motion to quash an information in a *civil* action; and where a criminal case

has been tried on its merits, and the defendant acquitted, the state has no appeal.   The acquittal is conclusive.   And taking §§ 281 and 282 of the criminal code, and applying the maxim, *expressio unius, est exclusio alterius,* and a criminal appeal can be taken by the defendant only after judgment; and an intermediate order of which he complains can be reviewed only on such an appeal.

We do not think that an appeal can be taken in cases of this kind, and therefore the appeal in this case must be dismissed.

All the Justices concurring.