The State v. Edwards.

---

THE STATE OF KANSAS v. WILLIAM T. EDWARDS.

1. CRIMINAL CASE—*Appeal, When.* An appeal in a criminal action can be taken by a defendant only after judgment, and an intermediate order of which he complains can be reviewed only on such an appeal. (*Cummings v. The State,* 4 Kas. 225; *The State v. Freeland,* 16 id. 9.)

2. ———— *No Appeal, When.* An appeal will not lie from an order of the district court refusing an application of a defendant charged with a criminal offense, for his discharge, under the provisions of ₴ 221 of the criminal code, where the court remands the defendant into custody until he gives bail, and continues the case against him for trial at the next regular term. (*The State v. Horneman,* 16 Kas. 452.)

*Appeal from Sumner District Court.*

The facts appear in *In re* Edwards, just decided.

*George, King &. Caldwell,* and *McDonald & Parker,* for appellant.

*S. B. Bradford,* attorney general, and *John A. Murray,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The complaint in this case is, that the district court erred in refusing to discharge the defendant, under the provisions of § 221 of the criminal code. Instead of granting the application made, the court remanded the defendant to custody until he should give bail, and ordered the case to be continued for trial at the next regular term. There-

fore, the cause is still pending. A defendant in a criminal case can only appeal after judgment against him, that is, after final judgment; and intermediate orders can be reviewed only on such an appeal. The order refusing a discharge is not a final judgment. The appeal is premature, and must be dismissed. (Criminal Code, §§ 281, 282; *Cummings v. The State*, 4 Kas. 225; *The State v. Freeland*, 16 id. 9; *The State v. Horneman*, 16 id. 452.) If we were to pass, however, upon the merits of the case, under the authority of *In re Edwards*, just decided, the order of the district court would have to be affirmed.

All the Justices concurring.