THE STATE OF KANSAS v. O. W. COFFELT.

No. 13,247. (71 Pac. 588.)

PRACTICE, SUPREME COURT — *Jurisdiction*. In criminal cases which are brought to the supreme court by appeal intermediate orders made in the progress of the trial can be reviewed only after judgment.

Appeal from Cowley district court; JAMES LAWRENCE, judge. Opinion filed February 7, 1903. Dismissed.

*A. A. Godard*, attorney-general, *J. E. Torrance*, county attorney, *G. H. Buckman*, and *C. W. Roberts*, for The State.

*Hackney & Lafferty*, *C. J. Wrightman*, and *H. S. Hines*, for appellant.

*Per Curiam:* The appellant, O. W. Coffelt, was informed against in the district court, charged with murder. A trial was had, and the jury disagreed. Thereafter, he filed a petition and motion for discharge on the ground that he was illegally brought from Oklahoma territory into the jurisdiction of the court. The application was overruled. He also applied for a continuance, which was denied. He has come here by appeal from these orders. The case is still pending in the district court of Cowley county. The appeal must be dismissed. Section 5719 of the General Statutes of 1901 reads :

"An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him ; and upon the appeal any decision of the court or intermediate order made in the progress of the case may be reviewed."

In *The State v. Edwards*, 35 Kan. 105, 10 Pac. 544, the court said:

"The complaint in this case is, that the district court erred in refusing to discharge the defendant, under the provisions of § 221 of the criminal code. Instead of granting the application made, the court remanded the defendant to custody until he should give bail, and ordered the case to be continued for trial at the next regular term. Therefore, the cause is still pending. A defendant in a criminal case can only appeal after judgment against him ; that is, after final judgment; and intermediate orders can be reviewed only on such an appeal. The order refusing a discharge is not a final judgment. The appeal is premature, and must be dismissed."

In civil cases certain intermediate orders, including an order refusing a continuance, may be reviewed by proceedings in error. (Gen. Stat. 1901, § 5019.) In criminal cases, however, which are brought here by appeal, intermediate orders made in the progress of the case can be reviewed only after judgment. There being no jurisdiction in this court, the appeal will be dismissed.

All the Justices concurring.