The State v. Scott.

No. 23,183.

THE STATE OF KANSAS, *Appellant*, v. JERRY SCOTT, *Appellee*.

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*The Title of the Act Creating the Court of Industrial Relations, and Providing Penalties for Its Violation Contains but One Subject within the Prohibition of the Constitution.* The title "An act creating the Court of Industrial Relations, defining its powers and duties, and relating thereto, . . . and providing penalties for the violation of this act" is broad enough to cover provisions making it a misdemeanor to induce (or conspire with others to induce) a quitting of their employment by employees in certain industries, which are declared to be affected with a public interest, for the purpose of interfering with the operation thereof.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed May 7, 1921. Reversed.

*Richard J. Hopkins*, attorney-general, *John G. Egan*, assistant attorney-general, and *E. A. Enright*, county attorney, for appellant.

*Harry Sullivan*, of Kansas City, and *James A. Smith*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: An information was filed against Jerry Scott charging him with violating the provision of the industrial-court act forbidding an employee in certain industries, which are therein declared to be affected with a public interest, to induce (or conspire with other persons to induce) others to quit the employment of such an industry for the purpose of hindering, delaying, interfering with or suspending its operation. (Laws 1920, ch. 29, § 17.) A motion to quash the information was sustained on the ground that the statutory provision referred to was not within the scope of the title of the act and for that reason was invalid because of the requirement of the state constitution that "no bill shall contain more than one subject, which shall be clearly expressed in its title." (Const. art. 2, § 16, Gen. Stat. 1915, § 156.) The state appeals.

The title of the statute in question reads: "An act creating the Court of Industrial Relations, defining its powers and duties, and relating thereto, abolishing the Public Utilities Commission, repealing all acts and parts of acts in conflict therewith, and providing penalties for the violation of this act." It has already been determined that the word "court" is not used in a technical sense and does not imply that the tribunal referred to shall be of a strictly judicial character (*The State, ex rel., v. Howat*, 107 Kan. 423, 430, 431, 191 Pac. 585) just as the term "municipal corporations" in a title has been held to include townships, which are merely *quasi* corporations. (*Rathbone v. Hopper*, 57 Kan. 240, 45 Pac. 610.) The title quoted is at least as comprehensive as though it read "An act relating to (or concerning) an administrative body for the regulation of industrial relations." The subject of the statute is the regulation of the relations of employer, employee and the public in certain industries by means of a board or commission, which is given a large power of investigation and control. But in order that the action of this body may be made effective a number of broad general rules are laid down governing the conduct of individuals which may affect the matter—rules that have a direct connection with and bearing upon the results to be accomplished by the existence of the tribunal created. These rules are within the purview of the title just as would be any other means regarded by the legislature as adapted to the attainment of the end sought. One of the principal objects of the statute is to promote the continuous operation of industries the suspension of which would work hardship to the people of the state. This is sought to be accomplished by empowering the court of industrial relations to make such orders from time to time as circumstances shall require, but in order that a fair opportunity shall be given to that body to bring about the desired result a number of specified acts tending to prevent this are forbidden. We regard these prohibitions as within the scope of the title of the act.

The statute is of course to be upheld unless it is clear that the constitutional provision has been violated. A title to an act is not objectionable on the ground of generality so long as its scope and purposes are fairly indicated and it does not appear that the matter in question may have been surrepti-

tiously passed. "Everything connected with the main purpose and reasonably adapted to secure the objects indicated by the title may be embraced in the act, without violating the constitutional inhibition." (*Lynch v. Chase*, 55 Kan. 367, 376, 40 Pac. 666.) Merely by way of illustration these applications of the principle may be cited: Under the title "An act to establish a code of criminal procedure" provision may be made for the probate court's disposing of the property of persons convicted of crime. (*Woodruff v. Baldwin*, 23 Kan. 491.) Under the title "An act concerning private corporations" provision may be made for the issuance of municipal bonds for subscription to the stock of railway companies. (*Comm'rs of Marion Co. v. Comm'rs of Harvey Co.*, 26 Kan. 181.) Under a title providing for "the organization and management of the state reform school" provision may be made for boys being placed in or committed to the school by courts of record, including probate courts. (*In re Sanders, Petitioner*, 53 Kan. 191, 36 Pac. 348.) Under the title "An act providing for the appointment of committees to investigate the affairs of state institutions and conduct of officers" provision may be made for the removal by the governor of an officer upon the report of such a committee. (*Rogers v. Morrill*, 55 Kan. 737, syl. ¶ 1, 42 Pac. 355.)

The clause in the title "and providing penalties for the violation of this act" was unnecessary (*Harrod v. Latham*, 77 Kan. 466, 94 Pac. 14), but served to show affirmatively and expressly that penal provisions were included.

The motion to quash stated a number of grounds other than that just considered. In fact, the motion did not assert that the title of the act was not broad enough to cover the provisions under which the information was drawn, but that "the title of said act comprising said chapter contains more than one subject," which of course is a different matter. The ruling of the trial court was based specifically upon the ground that the title was too narrow to cover the prohibition of the acts charged against the defendant. The language used fairly implied a denial of the motion to quash so far as concerned other objections. (*Milling Co. v. Buoy*, 71 Kan. 293, 80 Pac. 591.) The separate grounds upon which the information was attacked may be treated as in effect so many separate motions as in the case of a motion for a new trial in some circumstances.

(*Bourquin v. Railway Co.*, 88 Kan. 183, 127 Pac. 770.)   The state may appeal from an order quashing an information (Gen. Stat. 1915, § 8199) but the defendant can only seek a review of the overruling of such a motion in the course of an appeal from a judgment of conviction.   (*The State v. Freeland*, 16 Kan. 9.) If the defendant shall be convicted he can upon appeal raise any questions presented by his motion to quash other than the insufficiency of the title of the act.

The judgment is reversed and the cause is remanded for further proceedings in accordance herewith.