No. 25,287.

THE STATE OF KANSAS, *Appellee*, v. ERNEST SACKS, *Appellant*.

SYLLABUS BY THE COURT.

1. INQUISITION IN CRIMINAL CASES—*Right of Witness to Claim Immunity.* One who testifies before a county attorney in an inquisition authorized by R. S. 62-301 will not be denied the right to claim immunity because of the fact that he had not been subpœnæd.

2. SAME—*Nature of Evidence Given at Inquisition.* It is not necessary to immunity from prosecution that one who testifies in an inquisition authorized by R. S. 62-301 give testimony upon which a prosecution can be successfully predicated.

3. SAME—*Evidence—Test of Right of Witness When Prosecuted to Claim Immunity.* Where one testifies in an inquisition authorized by R. S. 62-301 and is afterwards prosecuted and claims immunity because of the subject matter of his testimony, the test is whether or not he is being prosecuted on account of any transaction, or matter, or thing concerning which he was compelled to testify.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed May 10, 1924. Reversed.

*Ralph U. Pfouts,* of Atchison, and *LeRoy T. Hand,* of Leavenworth, for the appellant.

*Charles B. Griffith,* attorney-general, and *Maurice P. O'Keefe,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a judgment sustaining a demurrer to the evidence offered in support of a plea in bar and abatement in a criminal case and overruling the plea. The circumstances giving rise to the judgment complained of are as follows:

Federal prohibition enforcement officers working in connection with the county attorney of Atchison county went to the home of Sacks, the appellant, who lives in the country, on January 4, 1923, and found a still. Sacks was not at home but his wife was told by the officers to tell Mr. Sacks to come to the county attorney's office the next day at one o'clock. When Sacks returned home that evening his wife communicated this request to him and on the next day he went to the county attorney's office at Atchison. The county attorney had the district court stenographer there, who had come to his office to take the testimony in an inquisition. There were also

present the federal prohibition enforcement officers. The county attorney administered to Sacks the oath of a witness and asked him about selling whisky to one B. Brown about January 1. At first Sacks declined to answer on the ground that it might incriminate him, but he was told to go ahead and answer and finally said that he did not sell any whisky to B. Brown; that he did not sell anything to Brown at any time and that he was not a whisky peddler. He was then asked about the still which was found on his place by the prohibition enforcement officers the day before. He said he did not own it and had nothing to do with it; that he had first seen it about two weeks before in the road in a wagon where some man had it, and he denied that he put it in the building where it was, denied having bought a new lock for the door on the building and denied having a key to it. In answer to other questions he said that he had bought whisky from people and had whisky given to him and that he had given whisky to other people but denied having sold any whisky. He was not specifically asked whether or not he manufactured whisky. On the next day, January 5, the county attorney filed an information against him in the district court charging him in five counts with violation of the prohibitory liquor law; the first count charging him with the manufacture of intoxicating liquor, the second, third, and fourth counts charging sales on or about December 1, 1922, December 22, 1922, and January 1, 1923, and the fifth count charging possession of intoxicating liquor. Sacks was arrested on this charge and filed a plea in bar and abatement, setting out the inquisition before the county attorney, and averred that by reason of the statute (Gen. Stat. 1915, §§ 5503, 5504; consult R. S. 62-301) authorizing the holding of such inquisitions and which provides, "But no person shall be prosecuted or punished on account of any transaction, or matter, or thing, concerning which he shall be compelled to testify," he could not be prosecuted for the matters concerning which he had been compelled to testify. The state filed a general denial to this plea and the issues thus framed came on for hearing before the court, a jury being waived. Appellant offered evidence in substance as above stated. The testimony included by stipulation the transcript made by the court reporter of the testimony taken at the inquisition. The court reporter also testified that the transcript contained only a part of the questions asked and answers made by Sacks; that many questions were asked that were not taken by him and not shown in the transcript; that early in the

examination the county attorney told Sacks that he was obliged to answer the questions and this was necessary in order to get him to answer. The state demurred to the evidence offered in support of the plea in bar. The court sustained the demurrer and overruled the plea. This appeal is from that judgment. Appellant contends that a comparison of the charges in the information with the testimony given by Sacks at the inquisition makes it clear that he is now being prosecuted on account of matters and things concerning which he was compelled to testify within the meaning of the statute above mentioned.

The state contends that appellant cannot take any advantage of this statute for the reason that no subpœna was issued for him. No subpœna was necessary. (4 Wigmore on Evidence 960; *United States v. Armour & Co.*, 142 Fed. 808; *Atkinson v. State*, 190 Ind. 1.) The purpose of issuing a subpœna is to get a witness into court. If he appears by request of attorney for either side or some officer or voluntarily and is sworn, it is no longer material whether a subpœna has been issued for him. His testimony is subject to the same objections and should be given the same weight and he is entitled to immunity to the same extent as though he had been served with a subpœna. The record in this case makes it clear that appellant's testimony was not voluntarily given. At first he declined to answer for the reason that he might incriminate himself, but he was told by the county attorney to answer the questions and finally told that he was obliged to answer them, after which he did answer them.

The state further contends that appellant was not asked specifically about manufacturing intoxicating liquor. He was asked concerning a still found on his premises but it is contended that at that time the possession of a still was not a criminal offense, though it was later made so by chapter 135 of the Laws of 1923. (R. S. 21-2112.) It would seem that the only purpose in asking him about having a still would be to bring out some evidence pertaining to the unlawful manufacture of intoxicating liquor which offense was charged in the first count of the information.

The state contends that because Sacks denied having sold intoxicating liquor and denied for the most part facts which would disclose that he had committed an offense under the liquor law, the statute does not apply to him. In other words, the state argues that unless the witness testifying at an inquisition before the county attorney gives evidence which clearly shows the commission of an of-

fense so that the state could base a prosecution upon his testimony with safety, there is no immunity under the statute.

In *State v. Murphy*, 128 Wis. 201, the court, construing a similar statute, held:

"It is not necessary, in order that there may be immunity from prosecution, that the witness should have given evidence adverse to himself, . . ."

As to the sufficiency of the disclosure to entitle one to immunity, the rule is thus stated in 4 Wigmore on Evidence, § 2282, p. 956:

"The question will also arise whether the witness has, in the subject of his testimony, made a disclosure such as entitles him to the immunity. This may depend somewhat upon the phrasing of the particular statute. But, so far as the general principle is not affected by particular statutory wordings, it should be necessary and sufficient (a) that the witness states something, not merely denies knowledge of any facts; (b) that his statement is of facts asked for by the opponent, not of facts volunteered or irrelevantly interjected; and (c) that the facts concern a matter about which the answer might by reasonable possibility have criminated him; for, while on the one hand it is immaterial whether the answer actually given is an incriminating one, yet, on the other hand, there is no privilege which he can exchange for the immunity unless the matter is one on which his answer might conceivably criminate him."

Examining the evidence offered in the light of these authorities it is clear that the information in the case charged matters and things concerning which he was compelled to testify at the inquisition. The question is properly raised by a plea in bar. (*Heike v. United States*, 217 U. S. 423.)

The judgment of the court below will be reversed with directions to sustain the plea in bar.