## No. 28,024.

THE STATE OF KANSAS, *Appellee*, v. JOE J. LEVINE, *Appellant.*

(264 Pac. 38.)

#### SYLLABUS BY THE COURT.

CRIMINAL LAW — *Matters Reviewable on Appeal* — *Order Denying Motion to Quash.* In a criminal action, an appeal does not lie from an order denying a motion to quash an indictment or from an order sustaining a demurrer to a plea in abatement filed against it until after trial on the indictment and final judgment has been rendered.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Appeal dismissed.

*J. H. Brady,* of Kansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Arthur J. Mellott,* county attorney, and *H. J. Emerson,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from an order denying his motion to quash an indictment filed against him and appeals from a judgment sustaining a demurrer to his plea in abatement filed by him against the indictment. The record does not disclose any final judgment. On inquiry, it has been ascertained that the action has not been tried, and judgment has not been rendered against the defendant. Can the defendant appeal before he has been tried and judgment has been pronounced against him?

In 2 Enc. Pl. & Pr., 149, it is said:

"Orders and rulings made in the progress of a criminal cause are not appealable, nor can they be reviewed before final judgment has been entered. No appeal can be taken, therefore, from a verdict of guilty unless a judgment is entered thereon. . . . Nor from an order overruling a plea in abatement to an indictment. Nor from a decision overruling a motion to quash an indictment."

In 2 R. C. L. 45 the following language is used:

"In criminal prosecutions the same policy with respect to appeals prevails as in other cases, and as a general rule a judgment to be reviewable by appeal or otherwise must be final."

Appeal and Error, 2 R. C. L. 45 *et seq.* Criminal Law, 17 C. J. pp. 26 n. 31, 29 n. 60, 37 n. 83.

The writer in 17 C. J. 26 says:

"At common law a writ of error could never be obtained before judgment, but was granted only to review a final determination of a cause. This rule has been followed generally by the statutes providing for review; and in the absence of a statute which provides otherwise, in order that there may be a review of a criminal proceeding by writ of error or appeal, a final judgment must have been rendered."

Approximately two hundred cases from thirty-three states are there cited to support the rule stated in the text. We quote from *Heike v. United States,* 217 U. S. 423, some of the headnotes of which read as follows:

"Appellate jurisdiction in the federal system of procedure is purely statutory."

"A case cannot be brought to this court by piecemeal; it can only be reviewed here after final judgment."

"A judgment overruling a special plea of immunity under statutory provisions, with leave to plead over, does not, in a criminal case, terminate the whole matter in litigation, and is not a final judgment to which a writ of error will lie from this court."

In that case, Heike had been indicted for violation of the custom laws of the United States. He filed a special plea in bar claiming immunity from prosecution. A writ of error was allowed to the supreme court. A motion to dismiss was filed and sustained.

In 17 C. J. 37 it is said:

"An order of the court sustaining demurrers to special pleas filed by defendant to the whole indictment is not a final judgment, and therefore is not reviewable directly by writ of error, or by appeal."

Our statute, section 62-1701 of the Revised Statutes, reads:

"An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him; and upon the appeal any decision of the court or intermediate order made in the progress of the case may be reviewed."

This court has given attention to this subject at least seven different times. We quote from those cases as follows:

"The law allows no appeal in a criminal case until its final determination." (*Cummings v. The State,* 4 Kan. 225.)

"In a criminal action an appeal cannot be taken by the defendant from the district court to the supreme court until after a judgment has been rendered in the case; therefore, an appeal will not lie from an order of the district court, which overrules a motion to quash an information, or which sustains a motion for a continuance, while the action is still pending in the district court." (*State v. Freeland,* 16 Kan. 9.)

"A defendant in a criminal case cannot bring to this court on appeal the ruling of the district court sustaining the demurrer on the part of the state to a plea of *autrefois acquit*, until after the trial and judgment on the merits." (*State v. Horneman,* 16 Kan. 452.)

"An appeal in a criminal action can be taken by a defendant only after judgment, and an intermediate order of which he complains can be reviewed only on such an appeal." (*State v. Edwards,* 35 Kan. 105, 10 Pac. 544.)

"The majority of the court reach the conclusion that if the petitioner was entitled to his discharge in the district court, he ought to be released in his proceeding by habeas corpus, as that proceeding is the only one which affords him a speedy remedy. If his only remedy is by appeal, he must continue wrongfully restrained of his liberty until the case is finally determined by the district court, as an appeal can be taken by a defendant only after judgment." (*In re McMicken, Petitioner,* 39 Kan. 406, 409, 18 Pac. 473.)

"In criminal cases which are brought to the supreme court by appeal intermediate orders made in the progress of the trial can be reviewed only after judgment." (*State v. Coffelt,* 66 Kan. 750, 71 Pac. 588.)

"The state may appeal from an order quashing an information (Gen. Stat. 1915, § 8199), but the defendant can only seek a review of the overruling of such a motion in the course of an appeal from a judgment of conviction. (*The State v. Freeland,* 16 Kan 9.) If the defendant shall be convicted he can upon appeal raise any questions presented by his motion to quash other than the insufficiency of the title of the act." (*State v. Scott,* 109 Kan. 166 169, 197 Pac. 1089.)

A different rule has been provided by section 62-1703 of the Revised Statutes where an indictment or information has been quashed or set aside and the state appeals. That section reads:

"Appeals to the supreme court may be taken by the state in the following cases, and no other: First, upon a judgment for the defendant on quashing or setting aside an indictment or information; second, upon an order of the court arresting the judgment; third, upon a question reserved by the state."

"The state may appeal from a decision of a district court in a criminal action quashing a warrant." (*Junction City v. Keeffe,* 40 Kan. 275, 19 Pac. 735.)

"The state has the right to appeal from a judgment of a district court sustaining a plea in abatement quashing the information and discharging the defendant." (*State v. Huffman,* 51 Kan. 541, 33 Pac. 377.)

"The state may appeal from an order quashing one count of an information, although another count charging a different act is held sufficient or is not attacked." (*State v. Lumber Co.,* 83 Kan. 399, 111 Pac. 484.)

In *State v. Sacks,* 116 Kan. 148, 225 Pac. 738, the defendant was prosecuted for a violation of the prohibitory liquor law. He filed a plea in bar and abatement; he introduced evidence in support of

his plea; a demurrer to that evidence was sustained; and the plea was overruled. His appeal was considered. The judgment of the district court was reversed, and that court was directed to sustain the plea in bar.

In *State v. Backstrom*, 117 Kan. 111, 230 Pac. 306, the defendant was prosecuted for violating the prohibitory liquor law. He filed pleas in abatement to the charges contained in two informations filed against him. The pleas were tried to a jury. The court sustained the plea as to two counts in the informations and overruled it as to one count. The state appealed from the order sustaining the plea as to the two counts, and the defendant appealed from the order overruling his plea as to the other count. This court affirmed the judgment of the district court overruling the plea as to two counts and reversed the judgment of the district court, sustaining the plea as to the other count. The right of the defendant to appeal was not raised by the briefs in either of those cases, and the subject was not discussed by the court.

This question has not been presented by the briefs in the present action, but the court realizes that if appeals can be taken in criminal actions on questions of this character before final judgment, unnecessary delay will occur in many criminal prosecutions. Unless the practice is authorized by statute, the court should not recognize it. For these reasons, the court has considered this question. The rule is well established that in criminal actions appeals cannot be taken from orders denying motions to quash indictments or informations or overruling pleas in abatement to them until after the defendants have been tried, and judgments have been rendered against the defendants.

The appeal is dismissed.