No. 33,101

The State of Kansas, *Appellee*, v. Richard E. Brown, *Appellant*.

(61 P. 2d 901)

Opinion filed November 7, 1936.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellant.

*Clarence V. Beck,* attorney general, *Theo. F. Varner,* assistant attorney general, and *R. H. Thompson,* county attorney, for the appellee.

The opinion of the court was delivered by

Harvey, J.: In a criminal action the state's demurrer to defendant's plea in abatement was sustained, and the defendant has appealed.

It is the settled law in this state that the ruling complained of is not appealable until the final disposition of the case in the trial court. (*State v. Coffelt,* 66 Kan. 750, 71 Pac. 588; *State v. Levine,* 125 Kan. 360, 264 Pac. 38; *State v. Rogers,* 142 Kan. 841, 52 P. 2d 1185.)

Counsel for both parties recognize this to be the law, but nevertheless they have joined in a written request for this court to pass upon the question sought to be raised by the plea in abatement, for the reason that the trial would be expensive and would result in a useless waste of time and money if it should be finally held the plea in abatement is good. It is also well settled, as a general rule of law in this state, that parties to an action cannot, by consent, give jurisdiction of a cause to a court which, under our constitution and statutes, has no jurisdiction. (*Cohen v. Trowbridge,* 6 Kan. 385; *Phillips v. Thralls,* 26 Kan. 780; *Van Bentham v. Comm'rs of Osage Co.,* 49 Kan. 30, 30 Pac. 111; *Hartzell v. Magee,* 60 Kan. 646, 57 Pac. 502; *Ewing v. Mallison,* 65 Kan. 484, 70 Pac. 369; *Samson v. United States Fidelity and Guaranty Co.,* 131 Kan. 59, 63, 289 Pac. 427.)

What counsel are asking this court to do is simply to give them

advice upon a question which this court has no jurisdiction at this stage of the proceedings to pass upon. This the court does not care to do.

The appeal is dismissed.