No. 38,633

THE STATE OF KANSAS, *Appellee,* v. FLOYD WALLACE, *Appellant.*

(243 P. 2d 216)

Opinion filed April 12, 1952.

*Floyd Wallace, per se,* was on the brief for the appellant.

*Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, and *Aldeverd Metcalf,* county attorney, of Oberlin, were on the brief for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This appeal is from an order of the district court

sustaining a demurrer to appellant's motion to quash and dismiss a warrant issued by the county court. The pertinent facts may be stated as follows: In April, 1950, the appellant, duly charged in an information of obtaining money under false pretense, and after a jury trial, was found guilty, and on April 11, 1950, he was sentenced to serve a term in the state penitentiary not exceeding five years. A certified copy of the judgment and sentence of the court was delivered to the sheriff and he was directed to convey the appellant to the state penitentiary at Lansing. While attempting to do so and on April 13 the appellant escaped from the sheriff. He was apprehended two days later and on April 20 the sheriff took him to Lansing and turned him over to the warden of the penitentiary. On April 21, 1950, a complaint was filed in the county court, upon which a warrant was issued charging the appellant with unlawful escape from the sheriff. A copy of this warrant was forwarded to the warden of the penitentiary. There was no further court proceeding until August 8, 1951, on which date the appellant filed in the county court a motion to quash the warrant charging escape upon the grounds, that he was being denied his rights under the fifth, sixth and fourteenth amendments to the Constitution of the United States and also under section 10 of our Bill of Rights. With the motion he filed a brief in which he contended that his constitutional rights were denied him because more than two terms of the district court had elapsed since the charge of escape was placed against him in the county court. In support of his motion he cited an unappealed decision of one of our district courts, which has never been officially called to our attention. He further alleged that he had been denied his constitutional rights because more than the second term of court had elapsed since the issuance of the complaint against him in the county court; that he was in the custody of the sheriff from April 15 to April 20 without the warrant being served upon him and without being arraigned on that charge, and that at all times since he was apprehended after his alleged escape he had been within the jurisdiction of the county court and that he had been denied a speedy and public trial on that charge, citing *Ex Parte Virginia*, 100 U. S. 339, and *United States v. Harris*, 106 U. S. 629. The judge of the county court denied the motion after full consideration thereof. On August 29, 1951, appellant appealed from the ruling of the county court to the district court. There the county attorney on

October 3, 1951, filed a motion for an order dismissing the attempted appeal for the reason that the order from which appellant attempted to appeal is not an appealable order, and that the appellant had not taken or perfected his appeal in the manner provided by law. The motion contained a demurrer to each cause of action attempted to be stated by appellant for the reason that the facts stated therein were insufficient to state any cause of action. This motion was served upon the appellant by registered mail. It came on to be heard in the district court on November 1, 1951, the appellant appearing by his attorney and the State appearing by the county attorney. After a hearing the court found that the State's demurrer to each cause of action attempted to be stated in the motion by appellant should be sustained and that it was not necessary to rule upon appellee's motion to dismiss. It was from this order that the appellant has appealed to this court.

In this court the appellee has filed a motion to dismiss the appeal on the ground that the appeal is not taken from an appealable order. We have concluded that motion should be sustained. The procedure in criminal cases is governed in this state by statute. Appellant cites no statute which authorizes an appeal such as is attempted here. The rule is well established that a defendant in a criminal case has no right of appeal until after final judgment against him, in which appeal, however, intermediate orders complained of may be reviewed. In *State v. Edwards,* 35 Kan. 105, 10 Pac. 544, it was held:

"An appeal in a criminal action can be taken by a defendant only after judgment, and an intermediate order of which he complains can be reviewed only on such an appeal." Citing *Cummings v. State,* 4 Kan. 225, and *State v. Freeland,* 16 Kan. 9.

In *State v. Coffelt,* 66 Kan. 750, 71 Pac. 588, it was held:

"In criminal cases which are brought to the supreme court by appeal intermediate orders made in the progress of the trial can be reviewed only after judgment."

In *State v. Levine,* 125 Kan. 360, 264 Pac. 38, it was held:

"In a criminal action, an appeal does not lie from an order denying a motion to quash an indictment or from an order sustaining a demurrer to a plea in abatement filed against it until after trial on the indictment and final judgment has been rendered." Citing many authorities.

This case was cited and followed in *State v. Rogers,* 142 Kan. 841, 52 P. 2d 1185. See, also, *State v. Brown,* 144 Kan. 573, 61 P 2d 901, where it was held:

"In a criminal action an appeal does not lie from an order sustaining a demurrer to a plea in abatement until after trial and final judgment on the information." Citing many authorities.

See, also, *State v. McCombs*, 164 Kan. 334, 188 P. 2d 922, to the same effect.

Appellant seems to rely upon our statute (G. S. 1949, 62-1431), which reads:

"If any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged. . . ."

That section has no application to the present situation. There is no contention that any information has been filed on the charge of unlawful escape from the sheriff. Reliance upon that section is premature.

The appeal is dismissed.