(687 P.2d 1383)

No. 56,212

CITY OF KANSAS CITY, KANSAS, *Appellee,* v. ROBERT P. SHERMAN, *Appellant,* and CINDY M. DEMETRE, *Appellant.*

Opinion filed October 4, 1984.

*Robert W. Feiring,* of Kansas City, for the appellants.

*Kathryn Pruessner Peters,* assistant city attorney, of Kansas City, for the appellee.

Before SWINEHART, P.J., ABBOTT and BRISCOE, JJ.

BRISCOE, J.: Robert P. Sherman and Cindy M. Demetre appeal the district court's decision which reversed and remanded the municipal court's dismissal of alleged violations of the Code of Ordinances of the City of Kansas City, Kansas.

Demetre was issued a citation by a Kansas City police officer on December 2, 1982, for violation of Section 36-59 of the Code of Ordinances of the City of Kansas City, Kansas, charging D.U.I. On February 16, 1983, the same officer issued four citations to Robert P. Sherman for violation of Sections 36-305, 36-80, 36-85, and 36-59 of the Code, charging driving with an expired driver's license, driving left of center, driving off the right side of the road, and D.U.I.

On April 12, 1983, the municipal court granted defendants' motions to dismiss the charges against them. The municipal

court ruled that the officer who had issued the citations to the defendants was without authority to charge the defendants. The court based that ruling upon its conclusion that the officer was not a resident of Kansas City, Kansas, or Wyandotte County, Kansas, when he issued the citations, and was therefore in violation of the residency requirements for employees of the City of Kansas City, Kansas. Appeals were filed by the City in both cases. The district court held that the acts of the officer were valid, concluding the officer retained the de jure status he held upon the date of his appointment or, at the very least, he was a de facto officer at the time he issued the citations. The district court reversed the municipal court's decision and remanded the cases to the municipal court for further proceedings.

The defendants appeal the district court's decision, seeking reversal of the district court and reinstatement of the municipal court's decision that the officer was without authority. The City had moved for dismissal of defendants' appeal on the basis that there was no appealable order since the defendants had not been tried or convicted on the charges made in the traffic citations. We denied the City's motion with leave to renew in its brief on the merits. The City has renewed its motion.

This court has only such appellate jurisdiction as is provided by statute. When the record discloses a lack of jurisdiction, we must dismiss the appeal. *State v. Boling,* 5 Kan. App. 2d 371, Syl. ¶ 1, 617 P.2d 102 (1980), *disapproved on other grounds, State v. Newman,* 235 Kan. 29, 34, 680 P.2d 257 (1984); *Henderson v. Hassur,* 1 Kan. App. 2d 103, Syl. ¶ 1, 562 P.2d 108 (1977).

The appellate jurisdiction of the Court of Appeals in criminal cases is set forth in K.S.A. 22-3601(a):

"Any appeal permitted to be taken from a *final judgment* of a district court in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court and those cases where a direct appeal to the supreme court is required. Whenever an interlocutory appeal is permitted in a criminal case in the district court, such appeal shall be taken to the court of appeals."

K.S.A. 22-3602(a) provides that a defendant may take an appeal "from any *judgment* against said defendant in the district court . . . ." (Emphasis supplied.)

There must be a conviction with sentence imposed before a defendant in a criminal case has a "judgment" from which he can appeal. In *State v. Edwards,* 35 Kan. 105, 10 Pac. 544 (1886), the

defendant's motion to discharge the defendant pursuant to a statutory provision was denied and the defendant appealed to the Supreme Court. In its order dismissing the appeal, the court held:

"[T]he cause is still pending. A defendant in a criminal case can only appeal after judgment against him, that is, after final judgment; and intermediate orders can be reviewed only on such an appeal. The order refusing a discharge is not a final judgment. The appeal is premature, and must be dismissed." 35 Kan. at 106.

Subsequent cases have held that the judgment entered by the court and the sentence imposed by the court are one and the same. The court in *State v. Woodbury,* 133 Kan. 1, 2, 298 Pac. 794 (1931), held:

" 'A sentence is the judgment of the court . . . formally declaring to accused the legal consequences of the guilt which he has confessed or of which he has been convicted.' (16 C.J. 1265.)"

In *Roberts v. State,* 197 Kan. 687, 689, 421 P.2d 48 (1966), the court said:

"Ordinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt which he has confessed or of which he has been convicted."

In a more recent decision, this court held that a sentence must be imposed in order to have a final appealable judgment. *City of Topeka v. Martin,* 3 Kan. App. 2d 105, 590 P.2d 106 (1979).

Here, the City appealed a question of law to the district court pursuant to K.S.A. 12-4601. Defendants now appeal the district court's decision. The criminal appeals statutes are applicable to municipal court appeals. *City of Overland Park v. Fricke,* 226 Kan. 496, 601 P.2d 1130 (1979). In criminal cases, there must be a judgment against the defendant in order for the defendant to appeal to the Court of Appeals. K.S.A. 22-3602(a). A judgment which constitutes an appealable order for a defendant in a criminal case requires both a conviction and sentence. The district court here reversed the municipal court and remanded for further proceedings. There has been no determination whatsoever as to the underlying charges in the traffic citations. Therefore, the order appealed from is not a final judgment. We lack jurisdiction to entertain this appeal.

The appeal is dismissed.