*In re* Kellam, *Petitioner.*

*In the matter of the Application of* JOSEPH S. KELLAM *for a Writ of Habeas Corpus.*

ARREST WITHOUT WARRANT — *Void Statute.* The statute conferring authority upon the police officers of a city of the first class to make an arrest (Gen. Stat. of 1889, ¶ 623,) so far as it attempts to authorize an arrest without a warrant for misdemeanors not committed in the view of the officer, and merely upon suspicion, is unconstitutional and void.

*Original Proceeding in Habeas Corpus.*

THE opinion herein, filed October 5, 1895, contains a sufficient statement of the case.

*Eugene Hagan, David Overmyer,* and *F. G. Hentig,* for petitioner.

*W. A. S. Bird,* city attorney, for respondent.

The opinion of the court was delivered by

JOHNSTON, J. : On August 3, 1895, Joseph S. Kellam was arrested by John M. Wilkerson, chief of police of the city of Topeka, upon a charge of selling intoxicating liquors in Topeka contrary to the city ordinances and to the laws of the state. No written complaint was ever filed, nor was there any warrant issued authorizing the arrest, but persons whom the chief of police deemed to be reliable had informed him that Kellam was engaged in the unlawful sale of liquors. The chief of police had no personal knowledge that an offense had been committed, but, upon information so received, he alleged that he had reasonable suspicion that an offense had been committed, and therefore he arrested Kellam, and committed him to jail. Kellam thereupon instituted this proceeding, alleging that an arrest without a warrant or other

process, upon the mere suspicion of an officer that a misdemeanor had been committed, is illegal.

As an authority and a justification for the arrest, the respondent calls our attention to the following statute, conferring authority upon police officers of cities of the first class:

"The city marshal or any policeman shall at all times have power to make or order an arrest upon view of an offense being committed, or upon reasonable suspicion that an offense has been committed, with or without process, for any offense against the laws of the state or of the ordinances of the city, and to bring the offender for trial before the proper officer of the city: *Provided*, That any person arrested for any offense without process shall be entitled, on demand before trial, to have filed a complaint on oath in writing; and such person shall not at that time be tried for any other offense than that for which he was arrested and for which the complaint shall be filed." (Gen. Stat. of 1889, ¶ 623.)

In pursuance of this statutory provision, the city has enacted an ordinance which provides that policemen may arrest, with or without warrant, all persons found in the act of violating a law or ordinance, or in any manner disturbing the peace and good order of the city or any of its inhabitants. It also authorizes them to "arrest all persons found under suspicious circumstances, who cannot give a good account of themselves."

The statute quoted certainly purports to give police officers power to make arrests, without warrants or other process, upon the mere suspicion that misdemeanors have been committed. But can such authority be constitutionally given? We think not. The liberties of the people do not rest upon so uncertain and insecure a basis as the surmise or conjecture of an

officer that some petty offense has been committed. In § 15 of the bill of rights it is ordained that "the right of the people to be secure in their persons and property against unreasonable searches and seizures shall be inviolate," etc. This provision guarantees protection against unreasonable arrests, and when it was placed in the constitution, and in fact ever since that time, an arrest for a minor offense without a warrant, and not in the view of the officer, was deemed to be unreasonable and unlawful. Under the common law arrests without warrants were not permitted, except for offenses committed in the view of the officer ; and in cases of felony actually committed the officer might also arrest without process upon a reasonable suspicion. The liberty of the citizen was so highly regarded, however, that the officer arresting the supposed felon without warrant must have acted in good faith, and upon grounds of probable suspicion that the person arrested was the actual felon. Felonies were excepted on account of the gravity of such offenses, and because the public safety and the prompt apprehension of criminals charged with offenses so heinous seemed to require that such arrests should be made without warrant. The powers of officers to make arrests have been extended to some extent by statutes but it is generally held that officers cannot be constitutionally clothed with authority to arrest without warrant for minor offenses not committed in their presence or view. (*Pinkerton v. Verberg*, 78 Mich. 573 ; *Robison v. Miner*, 68 id. 549 ; *Shanley v. Wells*, 71 Ill. 78 ; *Jamison v. Gaernett*, 10 Bush, 221 ; *The State v. Freeman*, 86 N. C. 683 ; *Doering v. The State*, 49 Ind. 56 ; 11 Cent. L. J. 331 ; 1 Am. & Eng. Encyc. of Law, 732 ; 7 id. 675.)

In considering the question of an officer making an

arrest without a warrant for a misdemeanor committed at a past time, the supreme court of Michigan said :

"Any law which would place the keeping and safe conduct of another in the hands of even a conservator of the peace, unless for some breach of the peace committed in his presence or upon suspicion of felony, would be most oppressive and unjust, and destroy all the rights which our constitution guarantees. These are rights which existed long before our constitution, and we have taken just pride in their maintenance, making them a part of the fundamental law of the land." (*Pinkerton v. Verberg*, supra.)

In the same case it was said :

"If persons can be restrained of their liberty and assaulted and imprisoned under such circumstances, without complaint or warrant, then there is no limit to the power of a police officer."

Our constitution not only provides that the right of the people to be secure against unreasonable searches and seizures shall be inviolate, but it also declares, in the same section, that no warrants shall issue but on probable cause, supported by oath or affirmation. In interpreting that provision this court has held that it is only declaratory of the fundamental rights of the citizen, and is intended to protect him in his liberty and property against the arbitrary action of those in authority, and that a warrant based on a complaint verified only on information and belief is insufficient, and an arrest upon such a warrant is illegal. It was also said that "if no warrant issue but upon probable cause supported by oath or affirmation, the support must be more than hearsay or belief." (*The State v. Gleason*, 32 Kas. 245.) If an arrest cannot be made or justified on a warrant resting only on hearsay or belief, how can an arrest for a petty offense without a warrant upon the mere sus-

picion of on officer, not resting even on hearsay or belief, be justified? He may be irresponsible, have heard only an idle rumor, and may be actuated by malice or some other unworthy motive, and to give an officer unlimited authority to arrest without a warrant in all cases, upon mere suspicion, is unreasonable, and a clear infringement of the constitutional rights of the people. It is, in effect, a revival of the odious general warrants, which placed the liberty of every man in the hands of every petty officer, and which long ago received judicial condemnation. To prevent their use and the exercise of such arbitrary power at the discretion of an officer, "it has not been deemed unwise to repeat in the state constitutions, as well as in the constitution of the United States, the principles already settled in the common law upon this vital point in civil liberty." (Cooley, Const. Lim. 364, and notes.)

We readily conclude that the statute in question, which undertakes to authorize an officer to make an arrest in cases of misdemeanor without a warrant, except upon view of the offense, is unconstitutional, and for that reason the arrest of the petitioner must be held to be illegal.

The petitioner will be discharged.

All the Justices concurring.