No. 47,670

STATE OF KANSAS, *Appellee*, v. JAMES C. VAN BUREN, *Appellant*.

(535 P. 2d 456)

Opinion filed May 10, 1975.

*Jim Lawing*, of Jim Lawing, Chartered, of Wichita, was on the brief for the appellant.

*Curt T. Schneider*, Attorney General, *Keith Sanborn*, District Attorney, and *Stephen M. Joseph*, Assistant District Attorney, were on the brief for the appellee.

*Per Curiam:* Defendant (James C. Van Buren) appeals from a finding of guilty for the possession of cocaine. Trial was to the court. The sole issue on appeal is the admissibility of a small glass bottle containing cocaine found in the defendant's pocket at the time of his arrest.

Don Bramwell, an agent of the United States Drug Enforcement Agency, of Kansas City, Missouri, came to Wichita to arrest the defendant for the sale of cocaine in Denver, Colorado. Bramwell obtained the help of two Wichita detectives, Gary Fulton and Gary Ralston. The three officers parked their automobile across the street from the Lemon Tree Lounge, located at 3300 East Kellogg in Wichita, where defendant was employed. At approximately 10:00 p. m. defendant drove his automobile into the parking lot. The officers drove their automobile into the parking lot next to the Cadillac, which belonged to defendant. The officers identified themselves and Bramwell requested identification from the driver of the Cadillac. After determining from the driver's license that the individual was the defendant, he was arrested for the sale of cocaine occurring in Denver, Colorado. Defendant got out of his automobile and was handcuffed and searched by Detective Fulton. The search revealed the glass bottle containing cocaine. Thereafter, the instant charge was filed against defendant.

A jury trial was waived. It was agreed by the parties that the exhibit of white powder taken from the defendant's pocket was cocaine.

Defendant claims that the warrantless arrest made the attendant

search illegal and fruits thereof should not be received in evidence. Portions of the pertinent statute, K. S. A. 22-2401, provide:

"A law enforcement officer may arrest a person when:

.  .  .  .  .  .  .  .  .  .  .  .  .

"(*b*) He has probable cause to believe that a warrant for the person's arrest has been issued in this state or in another jurisdiction for a felony committed therein;  .  .  ."

The validity of defendant's arrest by Fulton turns on whether Fulton had probable cause to believe that a felony arrest warrant had been issued for the defendant in another jurisdiction.

In *State v. Lamb,* 209 Kan. 453, 497 P. 2d 275, the meaning of probable cause to arrest was discussed:

"Probable cause to arrest refers to that quantum of evidence which would lead a prudent man to believe that the offense has been committed.  .  .  .

"Probable cause exists where the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. (*Carroll v. United States,* 267 U. S. 132, 162, 69 L. Ed. 543, 45 S. Ct. 280 [1925].)" (p. 467.)

See, also, 28 L. Ed. 2d, Annotations, pp. 978, 984, *et seq.*

Detective Fulton's knowledge of Bramwell's status as an officer of the Drug Enforcement Agency and his knowledge of Bramwell's purpose in coming from Denver to Wichita would warrant a reasonable prudent man in concluding that a felony arrest warrant had been issued in another jurisdiction for defendant. Since Fulton had probable cause to believe that a felony warrant had been issued for the defendant in another jurisdiction; defendant's arrest was valid (K. S. A. 22-2401 [*b*]), and the subsequent search of defendant's person was lawful (K. S. A. 22-2501).

The judgment is affirmed.

FROMME, J., not participating.