THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MICHAEL PATRICK MCNAMARA, Defendant-Appellee.

(No. 61450;

First District (5th Division)—October 24, 1975.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Marcia B. Orr, and Michael T. Reid, Assistant State's Attorneys, of counsel), for the People.

Bennett A. Kahn, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant was charged with possession of heroin in violation of section 402 of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402). At a preliminary hearing defense counsel moved to suppress the evidence claiming that it was the product of an illegal search. The motion was sustained, and the State brings this appeal under Supreme Court Rule 604(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)).

The evidence adduced at the preliminary hearing was as follows:

The lone witness, Sergeant Frank Gilbert of the Oak Lawn Police Department, testified for the State that on August 14, 1974, while investigating an armed robbery, he received information from Lieutenant Mirsh of the Worth Police Department that defendant had been tentatively identified from a photograph as the robber. Gilbert attempted to locate defendant and found that he had lived in Chicago but had recently moved to Chicago Ridge. While checking, Gilbert learned that two traffic warrants had been issued for defendant's arrest by the Chicago Police Department. Gilbert verified, by telephone, that it was the same Michael McNamara by checking the birthdate and other particulars on the warrants.

Gilbert and two other officers then proceeded to defendant's home without the warrants. They knocked on the door, and defendant opened it. They identified themselves as police officers, informed defendant of the traffic warrants and placed him under arrest for same. They then patted him down, searched the apartment and confiscated two guns and some jewelry. Defendant was then taken to the Oak Lawn Police Station where, during a custodial search, 21 packets of a substance which was later chemically proven to be heroin were discovered.

After hearing Gilbert's testimony, the court granted defendant's motion to suppress the evidence and stated:

"The basis for my ruling is that it is an unlawful arrest. They went in here on the pretext of a search on minor traffic violation warrants which they did not have in their possession. They were not sure they were in existence. On that basis they searched the

house, which is illegal, and they continued on and brought the defendant in. Nothing is legal here. That is my judgment, that is my ruling."

OPINION

Plaintiff contends that the trial court erred in finding that the officers' failure to have the warrants in their possession rendered the arrest illegal, citing section 107—2(b) of the Code of Criminal Procedure.* Ill. Rev. Stat. 1973, ch. 38, par. 107—2(b).

■■ Defendant urges us to rely upon *People v. Fischetti*, 273 Ill.App. 215 (1933), and *People v. Jeffries*, 31 Ill.2d 597, 203 N.E.2d 396 (1964), which both state that as a *general* rule an arrest warrant must be in the possession of the person purporting to act under the warrant at the time of arrest. However, it must be noted that in *Fischetti* the court stated at page 221:

> "The fatal defect in The People's case *is not* due to the absence of a warrant at the time of the arrest, but solely to the inability or failure of the prosecution to prove the vagrancy charge." (Emphasis added.)

Also, in *Jeffries*, the court held that where the arresting officer informed the defendant of the offense charged and that a warrant had been issued, this told the defendant as much as showing him the warrant and "that the peace officer may execute the warrant although he does not have physical possession of the warrant." 31 Ill.2d 597, 599.

Subsequent to those cases, the legislature enacted section 107—2(b). The committee's comments concerning the section further vitiate defendant's contention (Ill. Ann. Stat. ch. 38, § 107—2(b) (Smith-Hurd 1970)):

> "This section involves two *changes* in Illinois law, both of which are desirable: Under subsection (b) it is not necessary for the officer to have the warrant with him to make an arrest based on a warrant * * *." (Emphasis added.)

Thus we find that defendant's argument is without merit.

■■ Defendant further contends that the trier of fact is in the best position to determine whether the arrest was lawful and his decision should not be disturbed. Gilbert's testimony is unimpeached and uncontradicted, and we find no basis for the judge's ruling.

---

* "A peace officer may arrest a person when:

　　　　* 　 * 　 *

　　(b) He has reasonable grounds to believe that a warrant for the person's arrest has been issued in this State or in another jurisdiction;"

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LORENZ and SULLIVAN, JJ., concur.