(675 P.2d 387)

No. 55,659

STATE OF KANSAS, *Appellant*, v. JOHN J. FLUMMERFELT, *Appellee*.

Opinion filed January 26, 1984.

*Jerry L. Harper,* district attorney, *Craig A. Stancliffe,* assistant district attorney, and *Robert T. Stephan,* attorney general, for the appellant.

*John J. Immel* of Petefish, Curran & Immel, and *Wesley M. Norwood* of Riling, Norwood, Burkhead & Fairchild Chartered, of Lawrence, for the appellee.

Before SPENCER, P.J., ABBOTT and PARKS, JJ.

*Per Curiam:* This is an interlocutory appeal by the State pursuant to K.S.A. 22-3603.

Defendant was arrested at his home in Douglas County on the basis of a police radio check of defendant's name and automobile registration by the arresting officer, during the investigation of a neighborhood disturbance. The dispatcher relayed information from a teletype communication that a bench warrant for defendant had been issued in Leavenworth County for two misdemeanors committed in that county. During an inventory search of defendant's person, a bag suspected of containing cocaine was seized. A search warrant for defendant's residence was obtained and executed. Defendant was subsequently charged with possession and with possession with intent to sell cocaine in violation of K.S.A. 65-4127a.

Prior to trial, defendant moved to suppress all evidence seized, and that motion was sustained.

It is stipulated the arrest was based on K.S.A. 22-2401(*b*), which provides:

"A law enforcement officer may arrest a person when:

. . . .

"(*b*) He has probable cause to believe that a warrant for the person's arrest has been issued in this state or in another jurisdiction for a felony committed therein . . . ."

At issue therefore is whether 22-2401(*b*) may be invoked where a

law enforcement officer has probable cause to believe a misdemeanor warrant has been issued in this state.

The State contends the statute applies to both felony and misdemeanor warrants issued in the state, and only felony warrants from other jurisdictions. Defendant argued and the trial court found the arrest was not authorized under any of the provisions of K.S.A. 22-2401. In particular, it was reasoned that 22-2401(b) does not apply to misdemeanor warrants issued in this state.

Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. In doing so, ordinary words are to be given their ordinary meanings. *State v. Zimmerman & Schmidt,* 233 Kan. 151, 660 P.2d 960 (1983); *State v. Sleeth,* 8 Kan. App. 2d 652, 664 P.2d 883 (1983). We find nothing ambiguous in the quoted section of the statute and conclude that a law enforcement officer may arrest a person when he has probable cause to believe a warrant for the person's arrest has been issued in this state, whether that warrant be for a felony or a misdemeanor, and that the trial court erred in finding otherwise.

Accordingly, the order of suppression is vacated and this cause is remanded for further proceedings.