No. 55,659

STATE OF KANSAS, *Appellant,* v. JOHN J. FLUMMERFELT, *Appellee.*

(684 P.2d 363)

Opinion filed June 8, 1984.

*Jerry L. Harper,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Craig A. Stancliffe,* assistant district attorney, were with him on the brief for the appellant.

*John J. Immel,* of Petefish, Curran & Immel, of Lawrence, argued the cause, and *Wesley M. Norwood,* of Riling, Norwood, Burkhead & Fairchild Chartered, of Lawrence, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This case comes before the court for review of the decision of the Court of Appeals found at 9 Kan. App. 2d 230, 675 P.2d 387 (1984). An interlocutory appeal was brought by the State, pursuant to K.S.A. 22-3603, from an order of the district court suppressing evidence obtained as a result of an arrest it found to be illegal. The Court of Appeals vacated the order, holding the arrest was authorized under K.S.A. 22-2401(*b*). We granted review.

The facts are undisputed. During the investigation of a neighborhood disturbance in Lawrence, the defendant, John Flum-

merfelt, was questioned about his name and address when he was observed by a police officer acting suspiciously while standing in the yard of a residence in the neighborhood. The defendant indicated he lived at that residence. A radio check of the defendant's name and automobile registration revealed there were no outstanding warrants for the defendant in Douglas County. The defendant was instructed to return to his home and to stop bothering his neighbors. Upon returning to his patrol car the officer was advised there was an outstanding warrant for the defendant in Leavenworth County. The officer requested that the existence of the warrant be confirmed by teletype and remained at the defendant's home. A teletype communication was received by the Douglas County Sheriff's office confirming that a bench warrant had been issued for the defendant in Leavenworth County for failure to appear on a traffic citation. The warrant number and the amount of the appearance bond were also transmitted. Police officers then knocked on the door of the defendant's residence and informed the defendant of the outstanding warrant. The defendant told them to leave and attempted to shut the door. The officers forced their way into the house and placed the defendant under arrest. During an inventory search of the defendant's person at the police station, a bag suspected of containing cocaine was seized. A search warrant for the defendant's residence was obtained and executed. Other items thought to be illegal drugs and drug paraphernalia were seized. The defendant was subsequently charged with possession with intent to sell cocaine in violation of K.S.A. 65-4127a.

Prior to trial the defendant moved to suppress the evidence seized as a result of his arrest and under the search warrant. The defendant argued that under K.S.A. 22-2401 he could not be arrested on a misdemeanor warrant executed in this state where the warrant was not in the possession of the arresting officer and the defendant did not waive presentment of the warrant. The statute provides:

"A law enforcement officer may arrest a person when:

"(a) He has a warrant commanding that such person be arrested; or

"(b) He has probable cause to believe that a warrant for the person's arrest has been issued in this state or in another jurisdiction for a felony committed therein; or

"(c) He has probable cause to believe that the person is committing or has committed

"(1) A felony; or

"(2) A misdemeanor, and the law enforcement officer has probable cause to believe that:

"(*i*) Such person will not be apprehended or evidence of the crime will be irretrievably lost unless such person is immediately arrested; or

"(*ii*) Such person may cause injury to himself or others or damage to property unless immediately arrested; or

"(*d*) Any crime has been or is being committed by such person in his view."

### The trial court sustained the motion to suppress, stating:

"K.S.A. 22-2401 sets out the requirements for arrest by a law enforcement officer. The facts presented to the Court at the hearing on the defendant's motion indicate: The officer did not have a warrant; the crime for which a warrant may have been issued was a misdemeanor; the officer did not have probable cause to believe that defendant would not be apprehended, that evidence of the crime lost, or that the defendant may cause injury to himself or others, or damage to property; the crime was not committed in his view by defendant.

"The State cites K.S.A. 22-2305(3) as authority for the legality of the arrest. This statute does not modify K.S.A. 22-2401 except to allow in those cases where the officer has a warrant, or in cases of a felony, the warrant need not be in his possession. K.S.A. 22-2818 requires that for arrest on bench warrants for traffic violations, the in hand service of the bench warrant is required unless defendant waives such in hand service. The evidence does not support such waiver.

"The Court therefore concludes that the arrest of the defendant was illegal and that his motion should be sustained."

On appeal the State stipulates the arrest of the defendant was based upon K.S.A. 22-2401(*b*), that is, that the arrest was based upon probable cause that a warrant for the defendant's arrest had been issued in this state. The State contends this section of the statute applies to either misdemeanor or felony warrants issued in this state, but only to felony warrants issued in another jurisdiction. In a brief *per curiam* opinion the Court of Appeals held the statute was not ambiguous and authorized the arrest of a person when there is probable cause to believe a warrant for the person's arrest has been issued in this state, whether that warrant is for a felony or misdemeanor. 9 Kan. App. 2d at 231. In support of his Petition for Review the defendant asserts the Court of Appeals disregarded various legal articles discussing the application of 22-2401(*b*) to misdemeanor warrants, prior cases which hold that under common law a warrantless arrest for a misdemeanor is limited to offenses committed in the officer's view or presence, and the provisions of K.S.A. 22-2818 which pertain to the service of a bench warrant and the collection of an appearance bond in cases involving traffic offenses.

The issue presented is whether 22-2401(*b*) authorizes the arrest of a person where there is probable cause to believe a misdemeanor warrant has been issued for that person's arrest in this state. This is essentially a matter of statutory construction. We are mindful of the fundamental rule of statutory construction, to which all others are subordinate, that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. See *Szoboszlay v. Glessner*, 233 Kan. 475, 477, 664 P.2d 1327 (1983), and cases cited therein. In construing statutes the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. *Wirt v. Esrey*, 233 Kan. 300, 313, 662 P.2d 1238 (1983). See also *Szoboszlay v. Glessner*, 233 Kan. at 478. In addition, penal statutes must be strictly construed in favor of persons subjected to their operations, which simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. *State v. Zimmerman & Schmidt*, 233 Kan. 151, Syl. ¶ 2, 660 P.2d 960 (1983); *State v. Dubish*, 234 Kan. 708, Syl. ¶ 1, 675 P.2d 877 (1984).

Prior to the adoption of the new Kansas Code of Criminal Procedure in 1970, and with it the enactment of K.S.A. 22-2401, the limits of a law enforcement officer's power to arrest had not been statutorily defined. Vernon's Kansas C. Crim. Proc. § 22-2401, p. 176 (1973). The common law authority to arrest for misdemeanors extended only to those cases where the officer had a valid warrant in his possession or where a misdemeanor was committed in the officer's view or presence. See, *e.g., State v. Merrifield*, 180 Kan. 267, 270, 303 P.2d 155 (1956); *State v. Dietz*, 59 Kan. 576, 582, 53 Pac. 870 (1898); *In re Kellam*, 55 Kan. 700, 41 Pac. 960 (1895). The Judicial Council comment following 22-2401 recognizes this authority was expanded by the enactment of the statute:

"This section confers somewhat broader powers than the former law. Under subsection (*b*) an officer may arrest under the authority of a warrant not in his possession if he has probable cause to believe it has been issued. Also, arrests for misdemeanors may be made on probable cause in certain emergency situations."

See also Vernon's Kansas C. Crim. Proc. § 22-2401 (1973).

The difficulty in determining whether 22-2401(*b*) authorizes an arrest upon probable cause to believe a warrant for a misdemeanor has been issued was discussed in Meyer, *Arrest Under the New Kansas Criminal Code,* 20 Kan. L. Rev. 685, 712 (1972):

"The language of subsection 22-2401(b) presents a statutory construction problem since it is unclear if the legislature intended this subsection to apply only to warrants charging felonies. The statute permits an officer to make an arrest if: 'He has probable cause to believe that a warrant for the person's arrest *has been issued* in this state or in another jurisdiction for a felony committed therein; . . . .' The ambiguity results from the placement of the prepositional phrase 'for a felony committed therein'; the question is whether this phrase only applies to out-of-state warrants. Clearly the warrant from another jurisdiction must involve a felony. However, it may be argued that by using the words 'a warrant . . . issued in this state,' and 'a felony committed therein' the legislature intended to authorize a Kansas officer to make a warrantless arrest of a person who has been named in a Kansas warrant charging *either* a misdemeanor or a felony. The argument is that 'a warrant' can be read to include a misdemeanor warrant and 'therein' obviously does not mean 'herein.' Two leading Kansas legal scholars apparently believe this was not the intent of the legislature and that the subsection is limited only to felonies irrespective of the jurisdiction issuing the warrant. Restriction of this subsection to felonies would be consistent with this state's policy of narrowly limiting warrantless arrest for misdemeanors. Prior to July 1, 1970, a warrantless arrest for a misdemeanor committed out of the presence of the arresting officer would have been invalid. However, section 22-2401(c) of the new Code has significantly changed the law of arrest by allowing a misdemeanor arrest in specified 'emergency' situations if the arresting officer has probable cause to believe that a misdemeanor is being committed or has been committed. This loosening of previous restrictions on warrantless misdemeanor arrests arguably indicates that the legislature may also have intended to permit a Kansas officer to make a warrantless arrest for either a misdemeanor or a felony when he possesses probable cause to believe that a Kansas warrant has been issued. In any event, the legislature should clarify subsection 22-2401(b). If, in fact, misdemeanors are included, it should consider whether this is consistent with Section 15 of the Kansas Bill of Rights. If the legislature wishes to limit this subsection to felonies, it might redraft the statute in the following manner: 'He has probable cause to believe that a valid arrest warrant, charging the person to be arrested with a felony, has been issued in this state or in another jurisdiction.' "

In Seaton & Wilson, *Notes on The Code of Criminal Procedure,* 39 J.B.A.K. 97, 99 (1970), the following comment concerning this provision was made:

"In addition to his power to arrest with a warrant, an officer is empowered

under the code to arrest for a felony whenever he has probable cause to believe that a warrant for the person's arrest has been issued either in this state or in another jurisdiction. This provision should eliminate any doubt about the legality of arrests made on the basis of teletype or like messages. Also authorized are the familiar arrests on probable cause for a felony. In addition, the code authorizes arrest by an officer for any crime which has been or is being committed 'in his view.'

"In the same section with these rather familiar rules however, the code purports to empower an officer to arrest for a misdemeanor on probable cause, if the officer also has probable cause to believe that the person will not be apprehended or evidence will be irretrievably lost unless he is immediately arrested, or probable cause to believe that he may cause injury to himself or others or damage to property unless immediately arrested. This provision is likely to face constitutional challenge based on an old case, *In re Kellam,* 55 Kan. 700, 41 Pac. 960 (1895) indicating that the rule requiring that a misdemeanor be committed in the officer's presence has its source in the constitution."

Recent state revisions of Illinois and Montana rules of criminal procedure were drawn upon in many instances in drafting the Kansas Code of Criminal Procedure. See Kansas Judicial Council Bulletin, October 1969, p. 11. K.S.A. 22-2401(*b*) appears to be a combined version of the similar provisions in both the Illinois and Montana statutes. The Illinois provision, Ill. Ann. Stat. ch. 38, § 107-2(b) (Smith-Hurd 1982 Supp.), provides:

"A peace officer may arrest a person when:

. . . .

"(b) He has reasonable grounds to believe that a warrant for the person's arrest has been issued in this State or in another jurisdiction."

The Montana statute, Mont. Code Ann. § 46-6-401 (1983), which was based upon the Illinois statute, reads in pertinent part:

"A peace officer may arrest a person when:

. . . .

"(2) he believes on reasonable grounds that a warrant for the person's arrest has been issued in this state;

"(3) he believes on reasonable grounds that a felony warrant for the person's arrest has been issued in another jurisdiction."

Other states have provisions similar to either the Illinois or Montana statutes. See, *e.g.,* Or. Rev. Stat. § 133.310(2) (1983); Wis. Stat. § 968.07(1)(b) and (c) (1982).

The committee comments following the Illinois and Montana statutes indicate the provisions are designed to allow officers to make arrests based on warrants which they do not have in their possession. The Montana Commission Comments state:

"The section states the circumstances under which a peace officer may make an arrest for either a felony or a misdemeanor with or without an arrest warrant. Subdivisions [(1) and (2)] relate to arrests for either a felony or misdemeanor based on a warrant of arrest issued in this state. The change suggested by these sections was made to conform with [46-6-203], to allow peace officers to arrest on a warrant which they do not have in their possession. This change was thought to be desirable in light of modern methods of communication. That is, when an officer has been informed that a warrant has been issued for the arrest of a person and he locates the suspect, it would be impractical to require that the officer go to the station and get the warrant and then return to make the arrest." Mont. Code Ann. § 46-6-401.

See also *People v. White,* 51 Ill. App. 3d 155, 366 N.E.2d 491 (1977). Mont. Code Ann. § 46-6-203 (1983) is similar to K.S.A. 22-2305(3) which provides:

"The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of the arrest, he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued."

This statute is similar to Rule 4(d)(3) of the Federal Rules of Criminal Procedure. The Judicial Council Comments state this subsection "clarifies the status of the officer who makes an arrest under the authority of a warrant not in his possession."

Although the Illinois equivalent of 22-2401(*b*) permits arrests based upon out-of-state misdemeanor as well as felony warrants, the Montana statute limits arrests on out-of-state warrants to felonies only. The Commission Comments to Mont. Code Ann. 46-6-401 state:

"Subdivision [(3)] relates to arrests based on out-of-state warrants. The commission felt that this provision should be limited to felony warrants only."

Both the Illinois and Montana statutes, from which K.S.A. 22-2401(*b*) was drawn, authorize an arrest based upon probable cause to believe that any warrant for the person's arrest, whether misdemeanor or felony, has been issued in that state. See, *e.g., People v. McNamara,* 33 Ill. App. 3d 216, 338 N.E.2d 202 (1975) (traffic warrants). Although the wording of 22-2401(*b*) creates an ambiguity concerning its application to misdemeanor warrants issued in this state, there is nothing to indicate the provision 'was not intended to have the same effect as the Illinois and Montana statutes, both of which authorize an arrest upon reasonable belief

that a misdemeanor warrant has been issued in that state. The defendant argues, however, that the wording of 22-2401(b) indicates a legislative intent to confine the application of this provision to felony warrants only, in essence because the word "misdemeanor" is not specifically used, whereas "felony" is. The only case which relies on this statute, State v. Van Buren, 217 Kan. 182, 535 P.2d 456 (1975), is not helpful here because it involved an arrest based upon a felony warrant issued in another jurisdiction.

We are not persuaded by the defendant's argument. The drafters of 22-2401 apparently sought not only to authorize police officers in this state to make arrests based upon a reasonable belief a warrant for the person's arrest had been issued as provided in the Illinois statute, but also to include the limitation on arrests based on out-of-state warrants contained in the Montana statute. The difficulty arose because this limitation was affixed to the end of the sentence in K.S.A. 22-2401(b), rather than placed in a separate sentence or subsection as in the Montana statute. However, the fact the drafters did not foresee the difficulties with the combined version of the two statutes does not alter the legislative intent. Had the legislature intended to limit the application of this provision to felony warrants only in this state, it could have simply phrased the statute in the following manner: "probable cause to believe that a felony warrant for the person's arrest has been issued." The fact this was not done and the fact the wording of the statute so closely follows that found in the Illinois and Montana statutes indicates K.S.A. 22-2401(b) was intended to apply to misdemeanor as well as felony warrants issued in this state, in conformity with the stated purpose and effect of the statutes from which it was drawn.

Other statutes cited by the parties must be read in pari materia and insofar as practical interpreted in a harmonious and sensible way. In determining legislative intent, the court may properly look to the purpose to be accomplished, the necessity and effect of the statute, and the effect the statute may have under the various constructions suggested. See In re Adoption of Trent, 229 Kan. 224, 228, 624 P.2d 433 (1981); Arredondo v. Duckwall Stores, Inc., 227 Kan. 842, Syl. ¶ 1, 610 P.2d 1107 (1980).

K.S.A. 22-2401 defines the authority of an officer to make an arrest. The other statutes cited by the parties describe the man-

*ner* in which an arrest or warrant may be executed and the procedure for an appearance before a magistrate. They do not, however, confer any authority to make an arrest and do not vitiate or modify the provisions of 22-2401. Under our interpretation of 22-2401 an officer may make an arrest where he has a warrant or has probable cause to believe any warrant for the person's arrest has been issued in this state. K.S.A. 22-2305 specifically provides a warrant may be executed at any place within the state and actual possession of the warrant by the arresting officer at the time of the arrest is not necessary. Under K.S.A. 22-2818(*a*) any officer may serve a bench warrant issued for failure to appear on a traffic citation and may collect the appearance bond. The second sentence of this subsection provides "the officer making *the arrest*" may collect the appearance bond without actual in-hand service of the bench warrant where the violator waives presentment and the existence of the warrant is verified by telecommunications with the jurisdiction issuing the warrant. The use of the emphasized phrase in this sentence contemplates an arrest has been made by the arresting officer without actual possession of the warrant prior to the waiver of in-hand service and collection of the appearance bond.

This construction of the statute is consistent with the statutory scheme in existence in 1981 when 22-2818 was enacted, and the purpose of the provision. Prior to 1981, under Kansas statutes, an officer was authorized to execute warrants for misdemeanors, including bench warrants anywhere in the state without having actual possession of the warrant. Under K.S.A. 22-2901(6) a person arrested on a bench warrant was to be taken before the magistrate who issued the warrant. It was possible, therefore, for a defendant stopped on his way home from work in a routine traffic stop to be arrested on an outstanding traffic warrant issued in another county, and be transported to that county to appear before the magistrate and pay the appearance bond.

The legislature obviously enacted 22-2818(*a*) as an alternative procedure to the harsh consequences of 22-2901(6). The purpose of 22-2818(*a*) was merely to provide a method which allows defendants arrested on bench warrants to pay their appearance bonds at the time and place of the arrest, rather than be transported to a faraway county to pay the appearance bond as provided by 22-2901(6). K.S.A. 22-2818 was not intended to, nor

does it, modify *the authority of an officer to make an arrest under 22-2401* or require an officer to have actual possession of the warrant or a waiver of in-hand service by the defendant before a lawful arrest may be made. It merely requires in-hand service of the warrant or waiver of presentment before the appearance bond can be collected by the arresting officer at the time of the arrest. If the arresting officer does not have actual possession of the warrant, and after verification of the warrant by telecommunication the defendant does not waive presentment, then the officer is authorized under 22-2901(6), as was the procedure prior to the enactment of 22-2818, to transport the defendant to the county where the bench warrant was issued. The trial court's finding that possession of the warrant by the arresting officer at the time of the arrest or waiver of presentment was required for a legal arrest is not consistent with the history or purpose of 22-2818. The trial court's interpretation would permit a person for whom a bench warrant has been issued to avoid arrest by merely refusing to waive presentment when the warrant is not in possession of the arresting officer. The officer would then be required to obtain the warrant before he could again attempt to locate the defendant, make the arrest, and collect the appearance bond. We do not believe the legislature intended to diminish the prior authority of law enforcement officers to arrest on bench warrants not in their possession by passage of this statute.

The defendant also contends, based upon *In re Kellam,* 55 Kan. 700, that a statute authorizing a warrantless arrest for a misdemeanor committed outside of the presence of the arresting officer is violative of § 15 of the Kansas Bill of Rights. The effect of this provision is identical to that of the Fourth Amendment to the United States Constitution. *State v. Wood,* 190 Kan. 778, 788, 378 P.2d 536 (1963); *State v. Platten,* 225 Kan. 764, 768, 594 P.2d 201 (1979). In *Kellam* the court struck down a statute which authorized arrests based "upon reasonable suspicion that an offense has been committed." The court held the constitutional guarantee against unreasonable arrests prohibited a warrantless arrest for a minor offense not committed in the officer's presence. 55 Kan. at 702. The court reasoned that if warrants cannot issue except upon a showing of probable cause supported by oath or affirmation, "how can an arrest for a petty offense without a

warrant upon the mere suspicion of an officer, not resting even on hearsay or belief, be justified?" 55 Kan. at 703-04.

Several authorities have recognized no constitutional standard is violated by state statutes which authorize an arrest upon probable cause for a misdemeanor not committed in the officer's presence. See J. Cook, Constitutional Rights of the Accused, Pre-Trial Rights, § 14 (1972); 6A C.J.S., Arrest § 20; 1 Wright, Federal Practice & Procedure: Criminal 2d § 77, p. 164-65 (1982). See also *Street v. Surdyka,* 492 F.2d 368, 372 (4th Cir. 1974); *Diamond v. Marland,* 395 F. Supp. 432, 438 (S.D. Ga. 1975); *Mtr. of Lurie v. District Attorney,* 56 Misc. 2d 68, 288 N.Y.S.2d 256 (1968). In addition, it is important to note that although both Kansas commentators heretofore quoted categorize an arrest made pursuant to 22-2401(*b*) as a "warrantless" arrest, under both Illinois and Montana law an arrest based upon a reasonable belief that a warrant for the person's arrest has been issued is considered to be *an arrest based upon a warrant* rather than an arrest based upon mere probable cause. The Commission Comments following the Montana statute read:

"It should be noted that subdivisions [(1), (2) and (3)] *all relate to arrests based on arrest warrants.*

"*Subdivision [(4)] is the sole and exclusive provision for arrests for either a felony or a misdemeanor without an arrest warrant.* Under this provision the theory of arrests for a misdemeanor without a warrant would be the same as for a felony without a warrant." (Emphasis added.) Mont. Code Ann. § 46-6-401.

Subdivision (4) of the Montana statute is similar to K.S.A. 22-2401(*c*) which authorizes arrests for misdemeanors upon probable cause to believe a person is committing or has committed an offense and exigent circumstances require his immediate arrest.

In *People v. Wolgemuth,* 69 Ill. 2d 154, 370 N.E.2d 1067 (1977), the Illinois Supreme Court made it clear that an arrest pursuant to the Illinois equivalent of 22-2401 does not constitute a "warrantless" arrest. That case reversed an Illinois Court of Appeals decision which had reversed the trial court's denial of defendant's motion for suppression of evidence where Illinois police, acting upon information from Iowa authorities that an Iowa arrest warrant for burglary had been issued against the defendant, arrested the defendant after they were admitted into his apartment by the owner of the building. The Supreme Court stated:

"The decision of the appellate court in this case presupposes that the police made a *warrantless* arrest. (43 Ill. App. 3d 335, 338.) Based on this assumption, the appellate court held that the warrantless arrest was a violation of the fourth amendment because no exigent circumstances existed to obviate the requirement of a warrant. . . . .

"We need not inquire whether exigent circumstances justified the entry, because we are of the opinion that the warrant issued by an Iowa magistrate validated the entry.

. . . .

"The fact that an arrest warrant had been issued distinguishes this case from that in which police execute a *warrantless* entry of a suspect's home. The primary function of the warrant requirement of the fourth amendment is to interpose prior to an arrest a neutral magistrate's review of the factual justification for the charges. (*United States v. Watson* (1976), 423 U.S. 411, 417, 46 L.Ed.2d 598, 605, 96 S.Ct. 820, 825.) This serves to relieve police officers, 'engaged in the often competitive enterprise of ferreting out crime,' of the responsibility of drawing neutral and sober inferences regarding a suspect's criminality. (*Johnson v. United States* (1948), 333 U.S. 10, 14, 92 L.Ed. 436, 440, 68 S.Ct. 367, 369; *Gerstein v. Pugh* (1975), 420 U.S. 103, 112, 43 L.Ed.2d 54, 64, 95 S.Ct. 854, 862.) Is this division of responsibility which militates against 'the dangers of unlimited and unreasonable arrests of persons who are not at the moment committing any crime.' (*Trupiano v. United States* (1948), 334 U.S. 699, 705, 92 L.Ed. 1663, 1669, 68 S.Ct. 1229, 1232.) The warrant requirement of the fourth amendment is not frustrated in this case by the distinctive fact that the arrest warrant was issued in a State other than that in which it was executed. Whether a valid foreign warrant is effective in Illinois is a matter of State, not constitutional, law. A suspect's constitutional right to have a neutral magistrate determine whether probable cause exists for his arrest is not undermined by Illinois' choice to extend comity to the determination of a magistrate from another State. The entry of the police into defendant's home was, therefore, properly executed pursuant to a valid Iowa warrant for the defendant's arrest." 69 Ill. 2d at 159-61.

See also A.L.I. Model Code of Pre-Arraignment Procedure, Appendix X(b)(ii) (1975) (citing only 22-2401[c] in analyzing statutory provisions for arrest without a warrant in non-felony cases).

K.S.A. 22-2401(b) does not permit an arrest based upon a reasonable belief or mere suspicion that any offense has been committed, as did the statute found to be unconstitutional in *Kellam.* Under 22-2401(b) an officer may only act where he has reason to believe a warrant has previously been issued for that person's arrest. In other words, he has received information from law enforcement authorities or, under other circumstances, has probable cause to believe a neutral magistrate has made a prior finding that there is a factual justification for the defendant's arrest. The primary function of the warrant requirement of the

Fourth Amendment, to prevent unreasonable searches and seizures in the absence of probable cause, is therefore satisfied. The defendant's contention that allowing misdemeanor arrests based upon probable cause to believe a warrant has been issued is violative of the Fourth Amendment of the United States Constitution and § 15 of the Kansas Bill of Rights is not supported by modern authorities and is without merit.

The order of the trial court is vacated and the case is remanded. The decision of the Court of Appeals is affirmed.