(909 P.2d 679)
No. 72,958

STATE OF KANSAS, *Appellee,* v. YIXIN ZHU, *Appellant.*

Opinion filed January 12, 1996.

R. *Todd Wilhelmus*, of Mission, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., LEWIS, J., and JAMES L. BURGESS, District Judge, assigned.

BURGESS, J.: Yixin Zhu appeals his conviction for stalking, claiming there was no evidence he followed his victim as required by K.S.A. 1993 Supp. 21-3438. We affirm.

Karen Coley was Zhu's employment supervisor in 1993. Between June and August 1993, Zhu sent Coley letters professing his love for her. He wrote some of the letters after he was terminated from his position sometime that summer. Zhu continually called Coley at work, despite both her and a co-worker telling him to stop calling. Coley also wrote Zhu a letter asking him to leave her alone. Despite Coley's admonitions, Zhu came to Coley's house the Sunday after Christmas in 1993 to offer her and her children gifts. She refused the gifts and refused to allow him in the house. Zhu tried to call Coley at her office a few more times.

In January 1994, Virginia Burkdoll, Coley's real estate agent, conducted an open house at Coley's residence. Zhu appeared and wanted to see Coley. Zhu told Burkdoll that he had waited outside Coley's office and wanted to talk to her. Burkdoll explained that Coley would not be home soon, and Zhu wrote a note for Burkdoll to deliver to Coley. Zhu then waited in his car about an hour before leaving. Burkdoll told Coley what had happened, and Coley reported the incident to the police. Later that evening, Zhu returned to Coley's house, and Coley immediately called the police again. Zhu rang the doorbell, tried to open the door, looked in the garage window, and went around to the side of the house that had basement windows. Zhu was arrested and charged with stalking.

Coley testified that she never saw Zhu following her. Zhu moved to dismiss the charges, claiming that the statute required proof that Zhu both followed and harassed Coley and the State had not presented any evidence that Zhu ever followed Coley. The State argued that Zhu's repeated calls to Coley's work implied that Zhu had followed her in order to know that she was at work and that Zhu's appearances at Coley's house also constituted following. Zhu responded that calling someone at work involves nothing more than a common-sense guess concerning the person's location and does not imply that the caller followed the person. The district court denied Zhu's motion by determining that following, as intended by this statute, includes following by telephone or other communications or appearances at locations where a person is located and is not limited to physically walking or driving behind someone.

The district court concluded that after Coley told Zhu to stop contacting her, Zhu had followed Coley to work and to her home and tried to force his way into her home at night. The district court also found that Zhu had harassed Coley and convicted Zhu of stalking in violation of K.S.A. 1993 Supp. 21-3438.

At the time of Zhu's actions that led to the conviction on appeal, K.S.A. 1993 Supp. 21-3438(a) defined "stalking" as "the intentional, malicious and repeated following and harassment of another person."

Zhu argues that the district court erred by construing following to encompass telephone calls or appearances where a person is

located. The interpretation of a statute is a question of law, and an appellate court's review of this issue is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

Zhu contends that the district court erred by not defining following to mean " 'to move behind in the same direction' " in accordance with Random House Dictionary of the English Language 744 (2d unabridged ed. 1987). The State responds that the definition of follow in the same dictionary also includes " 'to go or come after' " and " 'to go in pursuit of' " and lists pursue, chase, trail, track, and trace as synonyms. The State contends that Zhu went after and pursued Coley in accordance with the definition of following.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). In *State v. Flummerfelt*, 235 Kan. 609, 612, 684 P.2d 363 (1984), the court stated:

"[P]enal statutes must be strictly construed in favor of persons subjected to their operations, which simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it."

Under these rules, this court should not construe following more narrowly than its ordinary meaning unless the legislature intended such a construction.

In *State v. Culmo*, 43 Conn. Supp. 46, 63, 642 A.2d 90 (1993) (quoting Webster's Ninth New Collegiate Dictionary 479 [1991]), the Connecticut Superior Court defined following in Connecticut's stalking statute to mean " 'to go, proceed, or come after' " or " 'pursue in an effort to overtake.' " The court explained that in the context of the stalking statute, the word had a predatory connotation. According to the ordinary meaning of following, as used in the Kansas stalking statute, appearing at a person's location can constitute following if the trier of fact concludes that the purported stalker intended to come after, pursue, or overtake a victim in a predatory fashion.

The district court found that telephone calls can also constitute following under the statute. Zhu contends that the district court's broad construction of following improperly renders following and harassment redundant in the statute.

It is presumed that the legislature intended a different meaning when it used different language in the same connection within a statute. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 8, 834 P.2d 368 (1992). Under this rule, the legislature presumably intended different but not necessarily mutually exclusive meanings for following and harassment. The *Culmo* court explained that following implies proximity in space as well as time. Given this ordinary meaning of following, telephone calls, without more, would not typically constitute following but would more readily constitute harassment in the context of the Kansas stalking statute. Telephone calls could, however, provide a basis for inferring that the accused followed the victim in order to know when and where to make the telephone calls. A stalker could also use telephone calls to track and follow the victim's physical location.

Zhu argues that, under a proper construction of following, the record does not include sufficient evidence that he followed Coley. When the sufficiency of the evidence is challenged in a criminal case, the appellate court must determine whether, after review of all the evidence, viewed in the light most favorable to the prosecution, a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Timley*, 255 Kan. 286, Syl. ¶ 13, 875 P.2d 242 (1994).

The record in this case indicates that after Coley had repeatedly told Zhu to stop contacting her, Zhu went to Coley's house and she would not allow him inside. After she refused his subsequent phone calls, Zhu tried to enter Coley's house at night when she would not answer the door for him. Earlier the same day, Zhu waited in his car for Coley at her house for about an hour after telling Burkdoll that he had waited for Coley outside her office. A rational factfinder could conclude that such behavior amounted to an effort to come after, pursue, or overtake Coley in a predatory fashion in violation of the stalking statute.

Although the district court determined that telephone calls can amount to following for purposes of the statute, the district court did not determine that Zhu followed Coley based on the telephone calls. The district court concluded, rather, that after Coley told Zhu to stop contacting her, Zhu followed Coley to work and to her home and tried to force his way into her home at night. The district court also found that Zhu's actions, including the telephone calls, amounted to harassment so that the State proved both following and harassment as required by the statute at the time of Zhu's actions. The district court properly found that Zhu followed Coley for purposes of the statute.

Affirmed.