(9 P.3d 1271)

No. 83,434

STATE OF KANSAS, *Appellee*, v. JASPER R. EPPS, JR., *Appellant*.

Opinion filed August 25, 2000.

*Debra J. Wilson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., PIERRON, J., and DAVID W. KENNEDY, District Judge, assigned.

LEWIS, J.: Defendant Jasper R. Epps, Jr., was convicted of possession of cocaine. He was sentenced to 13 months in the custody of the Secretary of Corrections and placed on probation. This is a direct appeal from his conviction.

The sole issue raised on appeal is whether the trial court erred when it denied defendant's motion to suppress evidence. After the motion was denied, the case was tried on stipulated facts.

The controversy concerns a City of Overland Park police officer who was working off-duty as a security guard. Officer Kevin Duncan worked as a full-time police officer. In his spare time, he worked as a security guard at the Oak Park Mall, where his duties included patrolling the parking lot, responding to calls for assistance or emergency-type situations, and doing routine security activities such as locking the doors. During the time Officer Duncan was employed at the mall, he was armed and dressed as an Overland Park police officer. The evidence indicates that Officer Duncan received no money from the City of Overland Park for working off-duty. The only exception would be an occasion when circumstances required him to make an arrest.

On the day in question, Officer Duncan was working at his mall job when he was dispatched to Nordstrom's. At Nordstrom's, another security guard showed him a photograph of defendant and informed him that defendant was currently in the store. The other security guard had been informed by an Overland Park detective that there was a warrant outstanding for defendant's arrest. The security guard was asked to notify the police if he saw defendant. After receiving this information, Officer Duncan contacted the Overland Park police dispatch and verified there was an outstanding misdemeanor warrant for defendant's arrest.

Officer Duncan then watched defendant until he left the store, approached him, and identified himself as an Overland Park police officer. He informed defendant of the outstanding warrant and asked for identification. Defendant refused to identify himself, whereupon Officer Duncan handcuffed him and removed his wallet. After verifying that defendant was the same individual who was wanted in the misdemeanor warrant, Officer Duncan placed defendant under arrest and, during the search incident to the arrest, removed a $20 bill from defendant's wallet. When the bill was unfolded, it was found to contain a white powdery substance that was later confirmed to be cocaine. After finding the cocaine, Officer Duncan called for an on-duty police officer to respond to the scene who took defendant into custody.

Defendant filed a motion to suppress introduction of the cocaine into evidence at his trial. The motion was based on the fact that

the police officer was acting as a security guard or as a private citizen and had no authority to arrest or to search defendant. The problem with defendant's argument is that if Officer Duncan was acting as a private citizen, there would be no State action and no argument that defendant's constitutional rights were violated.

The record contains the Overland Park Police Department policy manual guidelines for off-duty employment. The guidelines say, among other things, that an officer who is working off-duty is not acting in his or her capacity as a law enforcement officer. The guidelines go on to provide that officers employed as security personnel are not to provide on-duty response when the matter can be handled by requesting the assistance of an on-duty law enforcement officer. Officer Duncan testified that he did not know about this provision of the manual guidelines.

The trial court found that Officer Duncan was acting as a police officer, that he had the authority to arrest defendant, and that the cocaine found during the search incident to the arrest should not be suppressed. We agree with the trial court and affirm that decision.

"When reviewing a trial court's decision as to the suppression of evidence, an appellate court normally gives great deference to the factual findings of the trial court. The ultimate determination of the suppression of evidence is a legal question requiring independent appellate determination." *State v. Vandiver*, 257 Kan. 53, 58, 891 P.2d 350 (1995).

If the factual findings of the trial court are based on substantial competent evidence, we will not substitute our view of the evidence for that of the trial court. *State v. Wonders*, 263 Kan. 582, 588, 952 P.2d 1351 (1998).

K.S.A. 22-2202(13) defines a law enforcement officer as

"any person who by virtue of office or public employment is vested by law with an duty to maintain public order or to make arrests for violation of the laws of the state of Kansas or ordinances of any municipality thereof or with a duty to maintain or assert custody or supervision over persons accused or convicted of crime, and includes court services officers, parole officers and directors, security personnel and keepers of correctional institutions, jails or other institutions for the detention of persons accused or convicted of crime, while acting within the scope of their authority."

In *State v. Coleman*, 224 Kan. 447, 452, 580 P.2d 1329 (1978), the Supreme Court held that a police officer who was working his off-duty hours as a part-time store employee in detecting and apprehending shoplifters, who observes a customer taking merchandise without paying, who identifies himself or herself as a police officer to the customer outside the store, and who advises the customer that he or she is under arrest for shoplifting, is a law enforcement officer engaged in the performance of his or her duty within the provisions of the aggravated battery against a law enforcement officer statute.

In *Alvarado v. City of Dodge City*, 238 Kan. 48, 53, 708 P.2d 174 (1985), the Supreme Court held that an off-duty police officer, working as a private security guard, acted under color of state law when he detained plaintiff as a suspected shoplifter, displayed his badge, and told her that she was under arrest.

In this case, Officer Duncan arrested defendant on a misdemeanor warrant. K.S.A. 22-2401(b) permits a law enforcement officer to make an arrest when the officer has probable cause to believe that a warrant for the person's arrest has been issued in this state; the warrant may be for a felony or a misdemeanor. *State v. Flummerfelt*, 235 Kan. 609, Syl. ¶ 3, 684 P.2d 363 (1984).

Defendant argues that Officer Duncan was not acting within the scope of his authority as a police officer but as a private person. He suggests that a private individual had no authority to arrest him on a misdemeanor warrant and, as a result, the evidence confiscated must be suppressed. This argument is without merit. As mentioned above, if Officer Duncan had been acting as a private person, the search would not have violated defendant's constitutional rights.

In addition, we conclude that Officer Duncan was acting as a police officer when he arrested defendant and when he searched him incident to that arrest. We are not certain that the Overland Park Police policy manual has any relevance in determining this issue. To the extent that it does, we agree that it expresses a preference that off-duty officers contact on-duty officers before taking actions. However, the manual guidelines leave it within an officer's discretion to determine whether an emergency situation requires

an immediate response. In this case, defendant was leaving the store, there would have been no time for an on-duty officer to arrive at the scene, and Officer Duncan had little choice but to immediately act in his capacity as a police officer. We note that Officer Duncan testified that he went off the clock as a mall security guard before he arrested defendant. The search of defendant was a lawful search incident to the arrest.

We hold that substantial competent evidence supports the trial court's conclusion in this case, and we affirm the denial of defendant's motion to suppress.

Affirmed.